Opinion by
Mr. Justice Moore.
We will refer to plaintiff in error as the defendant. He was accused in two counts of an information with confidence game and with having obtained money from the County of Weld by false pretenses in that he received funds from the county based on mileage at eight cents per mile for transporting prisoners, to and from institutions within the state, and falsely representing that the car used for such purposes was other than a car owned by the county; that in truth said prisoners were transported in a car owned by the county. All of which allegedly occurred during the month of June 1959. At the close of the evidence offered by the people the district attorney elected to stand upon the count charging false pretenses and the confidence game count was withdrawn.
Defendant pleaded not guilty; the issues were tried to a jury resulting in a verdict of guilty and judgment imposing sentence to the state penitentiary. Reversal of the judgment is sought by writ of error.
Assignments of error are set forth under six separate captions, the first of which is:
“The evidence is insufficient to sustain the verdict on *421 the second count of the information which charged the defendant with false pretenses.”
Since resolution of the question presented by the above assignment of error ends the controversy,' no good purpose would be served in mentioning or discussing others.
Pertinent facts concerning which there is no dispute are as follows: At all times relevant, defendant was the sheriff of Weld county, a county of the Second Class. A considerable staff is required to take care of the business of the sheriff’s office. It is manned by the sheriff, an undersheriff, a secretary to the latter, and several deputies. As is true in most sheriffs’ offices of this class, the under sheriff is the active office manager; keeps the records pertaining to the business of the office and supervises the clerical work in connection therewith. When he took office in January 1959, defendant retained as his undersheriff Frank Deffke who had served in that capacity during the regime of previous sheriffs.
The undisputed evidence as to the manner of handling the business in the office of the sheriff is that all monies received by the sheriff are deposited in a bank account in the name of “Pat Burmeister- — -Sheriff”; that the only authorized signature for drawing funds from this account is that of Frank Deffke, the undersheriff. Warrants, orders, mittimuses and other documents to be served or executed by the sheriff are first transmitted to the office of the undersheriff who records them in a book kept for that purpose; they are then turned over to the sheriff or to some deputy for service. After the deputy or other person given the assignment has completed the service it is returned to the undersheriff signed with the return shown thereon. The undersheriff fills in the expenses and mileage in spaces provided for that purpose on the document. The mileage in all cases is computed from a table or other scale made from auto speedometer readings computing the distances from the sheriff’s office to and from the various institutions of the *422 state. In the transactions directly involved in the case at bar, and in all transactions admitted in evidence as similar transactions, the foregoing procedure was followed.
At or near the end of each calendar month a recap of current monthly transactions is made. For the month of June 1959 the undersheriff computed the total amount to which the sheriff was entitled for that month, according to his records, and a check was issued to the sheriff personally for the amount due him for that period. The check was signed by the undersheriff and delivered by him to the sheriff with the monthly recap, which check the sheriff endorsed and cashed.
Each payment of mileage shown by the evidence to have been received by the sheriff related to instances in which the sheriff or his deputy had used a county car to transport the prisoner. Gasoline for making each of the trips was either procured at the county shop or charged to the county on credit cards carried by the deputies. After the check issued and was delivered with the recap sheet to the sheriff, the undersheriff then made out a claim or voucher to be presented to the County Commissioners, and upon payment, after auditing in the county clerk’s office, the amount thereof was deposited in the sheriff’s account at the bank. The voucher or claim was signed by the sheriff before submission to the commissioners either personally or by a stamp used for that purpose. However, the sheriff was paid before the voucher or claim was signed.
Every document, mittimus, order, and every return introduced in evidence by the people clearly and undisputedly show that the sums received by the defendant were for mileage, as disclosed by the records kept by the under sheriff. There is not the slightest suggestion in the evidence that the mileage charged was incorrect in any way. There is no evidence, documentary or otherwise, that the defendant directly or indirectly represented to anyone that the trips in question were made in the sher *423 iffis private ear. Every item listed in the recap prepared by the undersheriff, and in the voucher signed by defendant, shows clearly just what the claim was for. In fact, defendant in each pertinent instance had already received his money before the claims were submitted to the commissioners. There was no misrepresentation as alleged in the information made by the defendant or by anyone else under his direction. Every witness who testified with reference to the procedure followed confirmed that defendant did not make any false representation.
We hold that there was a total lack of competent evidence received at the trial to prove that defendant obtained money of the county by false representations as charged in the information.
The motion for directed verdict made at the conclusion of the people’s evidence should have been granted. The judgment is reversed and the cause remanded with directions to dismiss the action.
Mr. Justice Sutton and Mr. Justice Day concur.